UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
ex rel. PAULA C. LORONA, and REID
POTTER

        Plaintiffs-Relators,

v.                                       Case No. 3:15-cv-959-J-34JRK

INFILAW CORPORATION, a Delaware
Corporation, et al.,

        Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff Paula C. Lorona initiated the instant action on August 5, 2015, by filing under seal a four-count Complaint of Qui Tam Plaintiff Paula C. Lorona (Doc. 1; Complaint) pursuant to the False Claims Act, 31 U.S.C. §§ 3729 et seq. Upon review, the Court struck the Complaint as an impermissible "shotgun pleading" and gave Plaintiff until August 31, 2015, to file an amended complaint. See Order (Doc. 5), entered August 6, 2015. On August 31, 2015, Plaintiff Lorona filed the First Amended Complaint of Qui Tam Plaintiff Paula C. Lorona (Doc. 8). Thereafter, on March 10, 2016, Plaintiffs Lorona and Reid Potter filed a Second Amended Complaint of Qui Tam Plaintiffs Paula C. Lorona and Reid Potter (Doc. 14; Second Amended Complaint). Upon review of the Second Amended Complaint, the Court finds that Plaintiffs once again employ

a shotgun manner of pleading. As previously explained, a shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id.

Here, each subsequent count of the five counts in the Second Amended Complaint begins with the phrase: "By virtue of the allegations presented above . . . ." See Second Amended Complaint ¶¶ 218, 227, 236, 241. Given the lack of any specification, Plaintiffs appear to be invoking all factual allegations as well as all allegations of each of the proceeding counts and leaving it to the Court to sift out irrelevancies and decide for itself which facts are relevant to the particular causes of action asserted. As the Court previously admonished, this manner of pleading is unacceptable in the Eleventh Circuit. See Order (Doc. 5) at 2 ("In the Eleventh Circuit, shotgun pleadings of this sort are 'altogether unacceptable.'" (quoting Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997)). Accordingly, the Court will once again strike the pleading and direct Plaintiffs to file a third amended complaint consistent with directives of this Order. See Cramer, 117 F.3d at 1263 (admonishing district court for not striking shotgun complaint on its own initiative); see also

Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").[1]  In accordance with the foregoing, it is

**ORDERED**:

1. Plaintiffs' Second Amended Complaint of Qui Tam Plaintiffs Paula C. Lorona and Reid Potter (Doc. 14) is **STRICKEN**.

2. Plaintiffs shall file a third amended complaint consistent with the directives of this Order on or before **May 18, 2018**.  Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on April 26, 2018.

MARCIA MORALES HOWARD
United States District Judge

---

[1] The Court notes that having explained how the Complaint violated the shotgun pleading rule and sua sponte given Plaintiffs an opportunity to re-plead, the Court could dismiss this action in light of Plaintiffs' failure to file a compliant pleading.  See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming district court's dismissal with prejudice of federal claims on shotgun pleading grounds after court gave plaintiff an opportunity to remedy the shotgun pleading issues and plaintiff failed to do so).  Nonetheless, under the circumstances of this case, the Court finds it appropriate to allow Plaintiffs one additional opportunity to fix the shotgun nature of the pleadings.  However, Plaintiffs should carefully review the Eleventh Circuit authority on this issue and ensure that the third amended complaint is fully compliant with the letter and spirit of the shotgun pleading rule.

lc11
Copies to:

Counsel of Record