## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PAULA C. LORONA and REID POTTER, <br><br> Plaintiff, <br><br> v. <br><br> INFILAW CORPORATION; ARIZONA SUMMIT LAW SCHOOL, LLC; FLORIDA COASTAL SCHOOL OF LAW; CHARLOTTE SCHOOL OF LAW, LLC; and BARBRI INC., <br><br> Defendants. | Case No. 3:15-cv-00959-MMH-PDB |

**INFILAW CORPORATION, ARIZONA SUMMIT LAW SCHOOL, LLC, FLORIDA COASTAL SCHOOL OF LAW, AND CHARLOTTE SCHOOL OF LAW, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Pursuant to Local Rule 3.01(c) and (d), Defendants InfiLaw Corporation ("InfiLaw"), Arizona Summit Law School, LLC ("ASLS"), Florida Coastal School of Law ("FCSL"), and Charlotte School of Law, LLC ("CSL") (collectively, "Defendants") move for leave to file an eight-page reply in support of Defendants' Motion to Dismiss the Third Amended Complaint ("TAC") (Dkt. No. 56) ("Motion"). Relators do not oppose this request. Defendants request 14 days to submit the reply from the date leave is granted.

A reply will benefit the Court for at least three reasons. *First*, unlike a typical motion to dismiss based solely on the allegations in the complaint, the Motion is based, in part, on the

False Claims Act's ("FCA") public disclosure bar (the "Bar") and therefore necessarily brings to the Court's attention facts (in the form of those public disclosures) not present in the TAC. *See* Mot. at 11-19. Accordingly, Relators Paula Lorona's ("Lorona") and Reid Potter's ("Potter") Opposition (Dkt. No. 65) contains their first argument as to why these previous public disclosures allegedly do not prevent application of the Bar. Defendants have not had any opportunity to respond to these arguments. For example, Relators rely in significant part on Potter's 2012 communication with the government to avoid application of the Bar, because Lorona's first communication came much later (and after the relevant public disclosures), in 2015. Opp. at 9-12. However, Relators' statement that "Potter first provided information regarding *the allegations in the TAC* on or about July 31, 2012" (Opp. at 10 (emphasis added)) ignores the fact that Potter's purported knowledge, and therefore the allegations about which he provided information to the government in 2012, relate solely to the topic of Defendants' bar preparation courses. Lorona did not communicate her purported knowledge about the remainder of the schools' alleged activities to the government until 2015. Thus, it would benefit the Court to have Defendants' arguments as to why Potter's 2012 communication cannot, logically or legally, save a significant portion of the TAC. Additionally, Relators assert that Defendants' cited public disclosures do not bar Relators' claims because the disclosures did not "list the essential elements of InfiLaw Defendants' fraud to the United States Government." Opp. at 12. Relators' proposed criteria for determining whether a disclosure bars a subsequent *qui tam* allegation are incorrect. Defendants should be permitted to address these first-time arguments, and the Court would benefit from having Defendants' response.

*Second*, the Opposition raises new issues not raised before or addressed in the Motion. Relators repeatedly argue in their Opposition that ASLS's Program Participation Agreement ("PPA") was fraudulent based on events that must have occurred after ASLS submitted its PPA. This is a new argument, and the Court should permit Defendants to explain why the PPA could not have been a fraudulent submission based on the later actions Relators allege were fraudulent, and that the law specifically imposes a requirement that relators sufficiently allege facts in FCA cases precisely to avoid this type of problem. Relators also inaccurately claim *U.S. v. Sanford-Brown, Ltd.*, 788 F.3d 696, (7th Cir. 2015), *reinstated in part and superseded in part*, *U.S. v. Sanford-Brown, Ltd.*, 840 F.3d 445 (7th Cir. 2016) is bad law following the Supreme Court's decision in *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016). Opp. at 14. However, they fail to recognize that the portions of that case Defendants rely upon were reinstated in a subsequent decision and remain good law. As Defendants rely heavily on *Sanford-Brown* in the Motion, the Court should grant Defendants a reply to clarify Relators' erroneous account of the procedural history and applicability of *Sanford-Brown* after *Escobar*.

*Finally*, in Relators' Opposition, Lorona reveals for the first time that she submitted the Settlement Agreement to the government for approval before agreeing to the release therein. Opp. at 32-33. This previously undisclosed information supports Defendants' argument for enforcing the release and barring Lorona's participation in this case, and Defendants did not have an opportunity to discuss it in their opening brief. Therefore, the Court should grant Defendants a reply to address briefly this new fact.

For these reasons, Defendants respectfully request leave to file an eight-page reply.

3

Dated: January 2, 2019

Respectfully submitted,

*/s/ David E. Mills*

**David E. Mills, Esq.**
**COOLEY LLP**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: dmills@cooley.com
*Trial Counsel*

**Mazda K. Antia, Esq.**
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6000
Fax: 858-550-6420
Email: mantia@cooley.com

**Vincent A. Citro, Esq.**
Florida Bar. No. 0468657
**LAW OFFICES OF HORWITZ**
**& CITRO, P.A.**
17 East Pine Street
Orlando, FL 32801
Tel: (407) 843-7733
Fax: (407) 849-1321
Email: vince@horwitzcitrolaw.com

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on January 2, 1019, I conferred with counsel for Plaintiffs regarding the foregoing motion, and Plaintiffs indicated that they do not oppose the reply requested here.

/s/ David E. Mills
David E. Mills, Esq.

*Counsel for Defendants*

195222410