IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PAULA C. LORONA and REID POTTER, <br><br>    Plaintiff, <br><br> v. <br><br> INFILAW CORPORATION; <br> ARIZONA SUMMIT LAW SCHOOL, LLC; <br> FLORIDA COASTAL SCHOOL OF LAW; <br> CHARLOTTE SCHOOL OF LAW, LLC; <br> and BARBRI, INC., <br><br>    Defendants. | Case No. 3:15-cv-00959-MMH-PDB |

**CASE MANAGEMENT REPORT**

Relators (Paula Lorona and Reid Potter), InfiLaw Defendants (InfiLaw Corporation ("InfiLaw"), Arizona Summit Law School, LLC ("ASLS"), Florida Coastal School of Law ("FCSL"), and Charlotte School of Law, LLC ("CSL")), and Defendant BARBRI, Inc. ("BARBRI") met pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05 and agreed as follows:

**I.     BRIEF DESCRIPTION OF CASE**

This is an action brought under the qui tam provisions of the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, wherein Relators allege that the Defendants committed fraud on the United States Government, more specifically, the United States Department

of Education. After the statutory investigative period provided for in 31 U.S.C. § 3730, the United States Government declined to intervene.

## II. PRELIMINARY STATEMENT

The parties agree that all discovery should be stayed until the Court rules on the pending motions to dismiss filed by BARBRI (DE 44) and the InfiLaw Defendants (DE 56). The parties further agree to meet within 30 days of all non-dismissed defendants filing an answer to establish a discovery plan and file a new case management report. Such a stay of discovery is permitted under Eleventh Circuit case law. *See infra* section VI. The parties will submit a joint motion to stay discovery.

## III. MEETING OF THE PARTIES IN PERSON

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held by telephone conference on January 8, 2019 and was attended by:

Jordan Wolff and Jessica Hoyer, *Counsel for Relators*

Mazda Antia, *Counsel for InfiLaw Defendants*

Sherry Gray and Sean Beller, *Counsel for BARBRI*

## IV. PRELIMINARY PRETRIAL CONFERENCE

**Track Two cases:** The parties do not request a preliminary pretrial conference unless the Court deems it necessary to enter the agreed stay of discovery.

## V. PRE-DISCOVERY INITIAL DISCLOSURES OF CORE INFORMATION

Pursuant to the agreed discovery stay, the parties agree to determine the date by which they will exchange the information described in Fed. R. Civ. P. 26(a)(1) within 30 days of non-dismissed defendants filing an answer.

VI. **AGREED CASE DEADLINES DISCOVERY PLAN FOR PLAINTIFFS AND DEFENDANTS**

The parties agree that all discovery should be stayed until after the Court decides the pending motions to dismiss. The parties further agree to reconvene within 30 days of all non-dismissed defendants filing an answer to establish a discovery plan and file a new case management report. All case deadlines and discovery plans will be negotiated after the non-dismissed defendants file an answer in this case, pursuant to the agreed discovery stay.

While the parties acknowledge the Court's normal policy that "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion," Middle District Discovery (2015) at 5, the Eleventh Circuit and the Middle District of Florida recognize that False Claims Act cases are distinct from normal cases, and that discovery should not begin until the relators make allegations that survive dismissal. *E.g.*, *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006); *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307, 1314 & n.24 (11th Cir. 2002); *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 869 F. Supp. 2d 1336, 1350 (M.D. Fla. 2012). "Requiring relators to plead FCA claims with particularity is especially important in light of the quasi-criminal nature of FCA violations" and the "strong financial incentive to bring an FCA claim." *Atkins*, 470 F.3d at 1360. Delaying discovery also assures the Court that, if Relators must amend their complaint, the amended complaint will not be based on "facts [that] are learned through discovery after the complaint is filed." *Mastej*, 869 F. Supp. 2d at 1350; *see also U.S. ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014

3

WL 12284078, at *1 (S.D. Fla. June 17, 2014) ("An FCA defendant faces exceptional harm where a relator is permitted to litigate without adequately establishing in the pleadings that the relator has personal knowledge of specific, non-publicly disclosed false claims that are alleged to have defrauded the Government.").

Additionally, this stay will assist the Court in preserving its resources until the Federal Government reopens and allocates necessary funding to the courts because the parties will not ask the Court to resolve inevitable discovery disputes.  Furthermore, it would be consistent with the approach several courts are taking to hold in abeyance civil cases where the United States is a participant until the Department of Justice receives congressional appropriations.  *See* United States Courts, *Judiciary Operating on Limited Funds During Shutdown* (Jan. 7, 2019), https://www.uscourts.gov/news/2019/01/07/ judiciary-operating-limited-funds-during-shutdown.

      **A.**      **Certificate of Interested Persons and Corporate Disclosure Statement.**

The parties agree to determine the date by which they must file any Certificate of Interested Persons and Corporate Disclosure Statement, or update any previously filed statement, within thirty days of the non-dismissed defendants filing an answer.

      **B.**      **Discovery Plan and Deadlines**

The parties further agree to reconvene within 30 days of all non-dismissed defendants filing an answer to establish a discovery plan and file a new case management report.

    **C.**    **Confidentiality Agreements/Motions to File Under Seal**

The parties will reconvene within 30 days of all non-dismissed defendants filing an answer and enter an appropriate Confidentiality Agreement in a timely manner.

    **D.**    **Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

The parties anticipate the disclosure or discovery of ESI in this case. They will reconvene within 30 days of all non-dismissed defendants filing an answer to establish a discovery plan and file a new case management report that addresses ESI and claims of privilege.

**VII.**    **MEDIATION**

The parties will reconvene within 30 days of all non-dismissed defendants filing an answer to agree on a mediator from the Court's approved list of mediators and set a date for mediation.

Dated: January 11, 2019					Respectfully submitted,

/s/ David E. Mills
David E. Mills, Esq.
**COOLEY LLP**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: dmills@cooley.com
*Trial Counsel*

Mazda K. Antia, Esq.
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6000
Fax: 858-550-6420
Email: mantia@cooley.com

Vincent A. Citro, Esq.
Florida Bar. No. 0468657
**LAW OFFICES OF HORWITZ
& CITRO, P.A.**
17 East Pine Street
Orlando, FL 32801
Tel: (407) 843-7733
Fax: (407) 849-1321
Email: vince@horwitzcitrolaw.com

*Counsel for InfiLaw Defendants*

/s/ *Sherry Mastrostefano Gray*
Sherry Mastrostefano Gray
Sean T. Beller
**POWERS, PYLES, SUTTER & VERVILLE, PC**
1501 M St., N.W., 7th Floor
Washington, D.C. 20005
Phone: (202) 872-6768
Fax: (202) 785-1756
Email: sherry.gray@powerslaw.com
Email: sean.beller@powerslaw.com

David M. Wells
Lauren V. Purdy
**GUNSTER, YOAKLEY & STEWART, PA**
225 Water Street, Suite 1750
Jacksonville, FL 32202
Phone: (904) 354-1980
Fax: (904) 354-2170
Email: dwells@gunster.com
Email: lpurdy@gunster.com

*Counsel for BARBRI, Inc.*

/s/ Sean A. Woods
Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Phone: (480) 999-4556
Fax: (480) 999-4750
Email: docket@millsandwoods.com

Jesse L. Hoyer
**JAMES HOYER, P.A.**
2801 West Busch Boulevard, Suite 200
Tampa, Florida 33618
Phone: (813) 375-3700
Fax: (813) 375-3710
Email: jlhoyer@jameshoyer.com

*Counsel for Relators*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

      */s/ David E. Mills*
David E. Mills, Esq.
COOLEY LLP
1299 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: dmills@cooley.com